COMMONWEALTH *vs.* THOMAS GALLAGHER & another.

An indictment under Gen. Sts. *c.* 87, § 6, for keeping and maintaining a common nuisance, is supported by proof that the nuisance was kept and maintained for the space of two hours.

An indictment alleging that the defendants kept and maintained a common nuisance, to wit, a tenement, in a town which is designated, contains a sufficient averment of place.

INDICTMENT under Gen. Sts. *c.* 87, § 6. The first count alleged that the defendants, both late residents of Chelmsford in said county (of Middlesex), " at said Chelmsford, on the first day of September in the year of our Lord one thousand eight hundred and sixty, and on divers other days and times between that day and the day of finding this indictment," without authority " did then and on said other days and times at Chelmsford aforesaid, keep and maintain a certain common nuisance, to wit, a tenement in said Chelmsford then and on said other days and times there used for the illegal sale and illegal keeping of intoxicating liquors," &c. The second count was like the first, except in the allegation that the nuisance was " a place " in Chelmsford, instead of a " tenement."

At the trial in the superior court, there was evidence tending to show that on the 5th of September 1860, the defendants set up at Chelmsford a temporary tent or booth, constructed of boards and covered with cloth ; that on the following day they had there several kinds of intoxicating liquors, in small quantities, and between the hours of nine and eleven o'clock in the forenoon made four or more sales thereof ; and that, at about eleven o'clock, the selectmen of the town and others tore it down, and took possession of the property therein. There was also evidence that the defendants hired the land on which their tent or booth was erected, to be used during the 5th, 6th and 7th of September. The defendant requested the court to instruct the jury that this evidence was insufficient to sustain the indictment, because it did not cover a sufficient period of time ; and that the description in the indictment of the place in which the nuisance was alleged to have been maintained was insuffi-

cient. But *Wilkinson*, J., declined so to instruct them ; and did instruct them that the allegations were sufficient, and that the evidence, if believed, was sufficient to authorize a conviction. The jury returned a verdict of guilty, and the defendants alleged exceptions.

*H. G. Blaisdell*, for the defendants.

*Foster*, A. G., for the Commonwealth, was not called upon.

Bigelow, C. J.   The evidence was sufficient to warrant the jury in convicting the defendants.   A disturbance of the public peace by the assembly of noisy and dissolute persons, the illegal sale of intoxicating liquors, and other similar acts which tend to make disorder and injure public morals, and thus to create a common nuisance in a house or tenement, may .be proved to have occurred in the course of a few hours as well as during a number of days, a week or a month.   It is the nature of the acts done, not the length of time during which they are committed, that constitutes the offence.

2. The indictment alleges with sufficient precision and certainty the place where the nuisance existed.   It is never necessary to set out the precise locality where the offence was committed.   If the city or town where the building or tenement is situated is distinctly set out, no further averment of place is required.   *Commonwealth* v. *Welsh, ante,* 1.

*Exceptions overruled.*